UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID E. APEL,

                                  **Plaintiff,**

                   v.                                       6:15-CV-680
                                                                 (FJS)

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security,**

                                  **Defendant.**
_____

**APPEARANCES**                                            **OF COUNSEL**

**OFFICE OF PETER M. HOBAICA, LLC**       **B. BROOKS BENSON, ESQ.**
2045 Genesee Street
Utica, New York 13051
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**     **ELIZABETH D. ROTHSTEIN,**
**OFFICE OF REGIONAL**                           **ESQ.**
**GENERAL COUNSEL – REGION II**
26 Federal Plaza – Room 3904
New York, New York 10278
Attorneys for Defendant

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff David E. Apel brought this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for benefits. *See generally* Dkt. Nos. 1,

16. Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. *See* Dkt. Nos. 16, 19.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff applied for benefits on October 24, 2012, alleging disability beginning on January 1, 2009. *See* Administrative Record ("AR") at 148-63. The Commissioner denied Plaintiff's application on December 21, 2012. *See id.* at 92-99. Plaintiff timely filed a written request for a hearing, *see id.* at 100-03, which was held before Administrative Law Judge David J. Begley ("ALJ"), *see id.* at 34-70. Attorney B. Brooks Benson represented Plaintiff at the hearing. *See id.* at 34.

On March 28, 2014, the ALJ issued a written decision in which he made the following findings "[a]fter careful consideration of the entire record . . . ."

1) Plaintiff "meets the insured status requirements of the Social Security Act through June 30, 2013."
2) Plaintiff has not "engaged in substantial gainful activity since January 1, 2009, the alleged onset date."
3) Plaintiff "has had the following severe impairments: cerebral palsy and degenerative disc disease of the lumbar spine."
4) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
5) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: occasional climbing of ladders, ropes, scaffolds, ramps, and stairs, balancing, stooping, kneeling, crouching, and crawling; and avoid hazardous machinery and unprotected heights."
6) Plaintiff "is capable of performing past relevant work as a short order cook, retail store manager, and general cashier. This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity."
7) Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 15, 2009, through the date of this decision."

*See* AR at 19-28 (citations omitted).

The ALJ's decision became the Commissioner's final decision on April 24, 2015, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 1-7. Plaintiff then commenced this action on June 4, 2015, filing a supporting brief on January 7, 2016. *See* Dkt Nos. 1, 12. Defendant filed a response brief on March 23, 2016. *See* Dkt. No. 19.

In support of his motion, Plaintiff essentially argues that the ALJ improperly weighed medical source opinions and Plaintiff's credibility. As a result of these legal errors, Plaintiff argues, there was not substantial evidence to support the ALJ's findings with respect to Plaintiff's residual functional capacity ("RFC") and his ability to perform past relevant work. *See generally* Dkt. No. 16, Pl.'s Br.

## III. DISCUSSION

### A. Standard of review

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). Accordingly, a reviewing court "'may not substitute [its] own judgment for that of the [Commissioner], even if [it] might justifiably have reached a different result upon a de novo review.'" *Cohen v. Comm'r of Soc. Sec.*, __ F. App'x __, 2016 WL 1055351, *1 (2d Cir. Mar. 17, 2016) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)). In other words, "[t]he substantial evidence standard means once an ALJ finds facts, [a reviewing court may] reject those facts 'only if a

reasonable factfinder would *have to conclude otherwise*.'" Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (quotation and other citation omitted).

To be eligible for benefits, a claimant must show that he suffers from a disability within the meaning of the Act. The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months. *See* 42 U.S.C. § 1382c(a)(3)(A). To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972. If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments. *See* 20 C.F.R. § 416.920(c). If not, the claimant is not disabled. *See id*.
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings"). If so, the claimant is disabled. *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do his past relevant work. *See* 20 C.F.R. § 416.920(e), (f). If so, he is not disabled. *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform his past relevant work, the ALJ determines if he can perform other work, in light of his RFC, age, education, and experience. *See* 20 C.F.R. § 416.920(f), (g). If so, then he is not disabled. *See* 20 C.F.R. § 416.920(g). A claimant is only entitled to receive benefits if he cannot perform any alternative gainful activity. *See id*.

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step, if the analysis proceeds that far. *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

Between steps three and four of the disability analysis, the ALJ must determine the claimant's residual functional capacity ("RFC"), which is defined as "the most you can still do [in a work setting] despite your limitations." 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e). The RFC analysis considers "all of your medically determinable impairments of which we are aware," even if they are not severe. 20 C.F.R. § 416.945(a)(2). The ALJ is to consider "all of the relevant medical and other evidence" in assessing RFC. 20 C.F.R. § 416.945(a)(3).

**B. ALJ's treatment of medical source opinions**

During the disability analysis, the ALJ "will always consider the medical opinions " in the record together with other relevant evidence. 20 C.F.R. § 404.1527(b). Medical opinions are "statements from physicians and psychologists or other acceptable medical sources that reflect judgments" about a claimant's impairments and their effects. 20 C.F.R. § 404.1527(a)(2). Acceptable medical sources include licensed physicians, licensed or certified psychologists, licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. *See* 20 C.F.R. § 404.1513(a).

Generally, the ALJ will consider the following factors in deciding what weight to afford the opinion of an acceptable medical source: whether the source examined the claimant; how well the source explains his or her opinion with relevant evidence; how consistent the opinion is with the record as a whole; whether the source is a specialist in the area of his or her opinion; and other factors tending to support or contradict the opinion. *See* 20 C.F.R. § 404.1527(c)(1)-(6). Additionally, the Commissioner's regulations instruct that

> [g]enerally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a

> detailed, longitudinal picture of your medical impairment(s) . . . . If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight.

20 C.F.R. § 404.1527(c)(2).

Thus, treating physician opinions are "'not afforded controlling weight where . . . the treating physician issued opinions that are not consistent with other substantial evidence in the record . . . .'" *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (quoting *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)). "The report of a consultative physician may constitute such substantial evidence." *Id.* (citing *Mongeur*, 722 F.2d at 1039). An ALJ may also properly afford less than controlling weight to a treating physician's medical source statement where the "medical source statement conflict[s] with his own treatment notes[.]" *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013).

When affording a treating physician's opinion less than controlling weight, the ALJ "'will always give good reasons'" for doing so. *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (quoting 20 C.F.R. § 404.1527(d)(2)); (citing 20 C.F.R. § 416.927(d)(2)). To that end,

> [t]he factors that must be considered when the treating physician's opinion is not given controlling weight include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist."

*Brickhouse v. Astrue*, 331 F. App'x 875, 877 (2d Cir. 2009) (quoting *Clark v. Commissioner of Social Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)); *see also* 20 C.F.R. § 416.927(c)(1)-(6).

In this case, the ALJ considered Dr. Cemer's opinions and afforded them little weight. The ALJ reasoned Dr. Cemer's opinions were inconsistent with the treatment history which showed that Plaintiff's back symptoms were effectively managed with physical therapy. *See* AR

at 25-26.  In this regard, the ALJ noted that Plaintiff was discharged after five physical therapy sessions in May 2013 after his pain decreased, his posture improved, and he had returned to his prior level of functioning.  When Plaintiff returned to physical therapy in June 2013 with recurring symptoms, he reported that after one session his pain had decreased from 3 to 1 on a scale of 1-10.  The ALJ made further note of a long list of physical activities Plaintiff was able to complete at a physical therapy session on July 12, 2013, where he reported that he was "feeling really good."  Such activities included twenty lunges and thirty squats.  *See id.* at 24.

The ALJ further noted the observations of medical consultant Dr. Tabb.  Dr. Tabb observed that, although Plaintiff's squat was limited to 75% and he had restrained motion in his left shoulder and ankle, his stance was normal, he used no assistive devices, and was able to rise from a chair and get on and off the examination table without difficulty.  Dr. Tabb further noted that, although Plaintiff had limited flexion and extension in his lumbar spine, he had full lateral flexion and rotary movements bilaterally.  Plaintiff had 5/5 strength in his hands and upper and lower extremities.  *See* AR at 24.  Additionally, the ALJ noted that Dr. Cemer's progress notes characterized as "mild" the deformity in Plaintiff's left foot together with the resulting limitations.  *See id.* at 23.

For these reasons, the Court finds that the ALJ applied the appropriate legal standards in weighing Dr. Cemer's opinions, *see* 20 C.F.R. § 404.1527(c); SSR 06-03P, 2006 WL 2329939, *5 (Aug. 9, 2006), and declines to disturb the Commissioner's weighing of the conflicting evidence in this case, *see Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).[1]

---

[1] Moreover, although it appears that the ALJ mistakenly attributed a joint statement by Dr. Cemer and Physical Therapist Price as signed only by Physical Therapist Price, the Court finds this to be harmless error because the ALJ appropriately concluded that such opinion was inconsistent with the treatment records, as noted.  *See Karpova v. Snow*, 497 F.3d 262, 269 (2d
(continued . . .)

## C. ALJ's credibility assessment

"'It is the function of the [Commissioner], not [a reviewing court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant.'" *Aponte v. Sec'y, Dep't of Health & Human Servs.*, 728 F.2d 588, 591 (2d Cir. 1984) (quotation omitted). When a claimant makes subjective allegations of symptoms limiting his ability to function, the regulations provide that

> [y]our symptoms, such as pain . . . will not be found to affect your ability to do basic work activities unless medical signs or laboratory findings show that a medically determinable impairment(s) is present . . . which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged.

20 C.F.R. § 416.929(b); *see also* 20 C.F.R. § 404.1529(b). Accordingly, the Social Security Administration has adopted a two-step standard for assessing a claimant's credibility. *See* SSR 96-7p, 1996 WL 374186, *2 (July 2, 1996); *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010).

> First, the ALJ must determine whether the claimant suffers from a "medically determinable impairment[ ] that could reasonably be expected to produce" the pain alleged. 20 C.F.R. § 404.1529(c)(1); . . . Second, the ALJ must evaluate the intensity and persistence of those symptoms considering all of the available evidence; and, to the extent that the claimant's pain contentions are not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry. . . .

*Meadors*, 370 F. App'x at 183 (internal citations and footnote omitted).

---

(. . . continued)
Cir. 2007) (citing *NLRB v. Am. Geri-Care, Inc.*, 697 F.2d 56, 64 (2d Cir. 1982) (stating that remand is required "*only* where there is a significant chance that but for the error, the agency might have reached a different result")). For the same reason, the Court finds Plaintiff's argument regarding Dr. Cemer's June 5, 2014 statement to be without merit. Dr. Cemer's statement merely reaffirmed opinions that the ALJ already properly considered; and, thus, it is not new evidence constituting a basis for remand.

In this case, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. He then found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not fully credible for three reasons. *See* AR at 23. First, the ALJ noted Plaintiff's testimony that he had stopped working in 2009 because seasonal work ended and that he has looked for work since that time. From these facts, the ALJ inferred that Plaintiff's "symptoms and limitations may not be the cause of his unemployment." *See id.* Second, the ALJ undertook a detailed discussion of the objective medical findings, as noted above, in support of his conclusion that Plaintiff "may have overstated the severity and duration of his back pain." *See id.* at 24. Finally, the ALJ noted several instances in which Plaintiff made contradictory statements regarding his activities, which "cast serious doubt about [Plaintiff's] overall veracity." *See id.* at 25. Accordingly, the Court finds that the ALJ sufficiently analyzed Plaintiff's subjective allegations to the extent that they were not substantiated by objective medical evidence. *See Meadors*, 370 F. App'x at 183.

The Court has considered Plaintiff's additional arguments and finds them to be without merit. In summary, to the extent that Plaintiff points to evidence in the Administrative Record that reasonably might support a different conclusion in his favor, "whether there is substantial evidence supporting the appellant's view is not the question" on appeal. *Bonet ex rel. T.B. v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013). Accordingly, the Court finds that the ALJ applied the appropriate legal standards with respect to opinion evidence and credibility and further that there is substantial evidence supporting his finding with respect to Plaintiff's RFC and his ability to do past relevant work. *See Richardson*, 402 U.S. at 401.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 16, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 19, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: May 17, 2016
      Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Judge